CASE 18—ACTION BY HARRY BROOKER AGAINST THE MAYSVILLE & BIG SANDY R. R. CO. TO RECOVER DAMAGES FOR PERSONAL INJURIES.— Nov. 22.

# Brooker v. Maysville & Big Sandy R. R. Co.

APPEAL FROM GREENUP CIRCUIT COURT—JAMES P. HARBESON, CIRCUIT JUDGE.

FROM A JUDGMENT TRANSFERRING THE CAUSE TO THE FEDERAL COURT DEFENDANT APPEALS. REVERSED.

FERRIES—MAINTENANCE BY RAILROAD—LEASE TO NONRESIDENTS—LIABILITY FOR INJURIES—PLEADING—PRESUMPTIONS.

1. Session Acts 1853-54, vol. 1, p. 358, c. 178, authorized a certain railroad to acquire ferry franchises, and to use the same in the same manner and under the same legal restrictions as apply to

individual holders of ferry franchises. Kentucky Statutes 1903, sec. 1808, provides that a sale or lease of a ferry franchise must be with leave of the county court, and that a nonresident owner of a ferry right shall sell the same to a resident citizen of the State within a year after the accrual of his rights, subject to a revocation of his grant upon his failure so to do. HELD, that the railroad could not lease a ferry franchise acquired by it to a foreign railroad corporation, and, where it attempted to do so, was liable for injuries received by a passenger on a ferryboat, in the same manner as if the lease had not been made.

2. A railroad was authorized by Sess. Acts 1853-54, vol. 1, p. 358, c. 178, to acquire ferry franchises, and to use the same under the same restrictions as apply to individual holders of such franchises. Kentucky Statutes 1903, sec. 1808, requires a sale and lease of a ferry franchise to be made with leave of the county court, and requires nonresident owners of such franchises to sell the same to resident citizens within a year after the accrual of their rights. In an action against the railroad for injuries to a passenger on its ferry, a foreign railroad corporation, to which the lines of the first mentioned road were leased, and a person who was acting as trustee for both roads in the management of the ferry, were made defendants. The petition alleged that all three defendants operated the ferry, but contained no allegation that any lease to the foreign corporation had ever been ratified by the county court. HELD, that it would be presumed that the foreign railroad corporation was operating the ferry under the authority granted to the railroad first mentioned.

3. Acts 1865-66, p. 664, c. 755, authorizing a certain railroad company to make contracts with individuals, corporations, and other railroads for the building, completion, and operation of its road, did not authorize such railroad to divest itself of its franchises and exempt itself from any liability attaching to it by a lease to a foreign railroad corporation.


ALLEN D. COLE, W. T. COLE AND E. E. FULLERTON, ATTORNEYS FOR APPELLANT.


1. The Maysville & Big Sandy R. R. Co. is a corporation created by the laws of this State near fifty years ago. By an amendment to its charter it was authorized to operate a ferry, and thereafter it acquired land and proceeded to operate a ferry, and subsequently transferred its ferry franchise to the Chesapeake & Ohio R. R. Co.

2. The Legislature did not authorize the said corporation to make such transfer, but under it the C. & O. R. R. Co. took pos-

Brooker v. Maysville & Big Sandy Railroad Co.

session and proceeded to operate said ferry, and under this state of facts we submit that both of said corporations are jointly liable to an assault upon a passenger for hire on their ferryboat committed by their agent while acting in the scope of his authority, and therefore the petition of the appellees for a removal of the case to the Federal court should have been overruled.

## AUTHORITIES CITED.

McCabe's Admr. v. M. & B. S. R. R. Co., 66 S. W., 1054; Davis v. C. & O. Ry. Co., 75 S. W., 276; Swice's Admx. v. M. & B. S. R. R. Co., 75 S. W., 277; Harper v. N. N., &c. R. Co., 90 Ky., 360; Sinkhorn v. Lex Turnpike Road Co., 112 Ky., 211; Howard v. M. & B. S. R. R. Co., 70 S. W., 331; McAlester's Admr. v. M. & B. S. R. R. Co. and C. & O. R. R. Co.; Pierson v. Ill. Central R. R. Co. (C. C.), 118 Fed., 342.

W. H. WADSWORTH AND WORTHINGTON & COCHRAN, FOR APPELLEE.

## CLASSIFICATION OF POINTS.

1. The petition for removal was filed upon the day when answer was due, and therefore in due time.

2. The case was properly removed. This case is not similar in principle to the McCabe case, 112 Ky., 861. The question there involved a lease under the charter of the railroad company. The question here is, is the lessor of a ferry franchise granted by the county court liable for the torts of the lessee?

3. No ferry right was granted the Maysville & Big Sandy Railroad Company in its charter, although the Legislature had a right to do it. Trustees of Maysville v. Boon, 2 J. J. Mar., 227; Dufour v. Stacey, 90 Ky., 288.

4. If the principle decided in the McCabe case was involved, we should have no hesitation in asking the court to review and overrule it. Sinkhorn v. Lexington, &c., T. P. Co., 112 Ky., 205; Harper v. R. Co., 90 Ky., 359; L. & N. v. Breeden's Admx., 111 Ky., 729; Eichorn v. L. & N. R. Co., 112 Ky., 338.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

Appellant, Harry Brooker, filed this suit against the appellees, the Maysville & Big Sandy Railroad Company and the Chesapeake & Ohio Railroad Company, to recover for personal injuries received by him on a ferryboat operated

across the Ohio river from the town of Springfield, Ky., to the city of Portsmouth, Ohio, alleging that the Maysville & Big Sandy Railroad Company owned a railroad running from Catlettsburg, Ky., to Covington; that the Chesapeake & Ohio Railroad Company had leased the roadbed from it, and has since operated it; that in connection with the railroad companies, F. T. D. Wallace, who was also made a defendant, holds as trustee for the railroad companies the ferry privilege referred to, and that all three of the defendants operate a steam ferry across the river from Springfield to Portsmouth, transporting freight and passengers. By an amended petition he alleged that the Maysville & Big Sandy Railroad Company was incorporated by an act of the Legislature of Kentucky, and authorized by it and certain amendments thereto to conduct and operate a ferry across the Ohio river; that pursuant to the provisions of the charter the defendant Wallace holds in trust the ferry, landing, and ferry franchise under which the ferryboat is operated, and holds the same in trust for the benefit of the Maysville & Big Sandy Railroad Company; that this company leased and transferred its entire road, together with its franchises so granted to it, including the ferry and landing, to the Chesapeake & Ohio Railroad Company, which latter has been since in the exclusive possession and control of the ferry, and was operating it at the time he was injured. The Maysville & Big Sandy Railroad Company filed a demurrer to the petition, which was sustained. The Chesapeake & Ohio Railroad Company filed its petition praying a removal of the case to the United States Circuit Court, showing that it was a corporation created by the laws of the State of Virginia, and alleging that neither the Maysville & Big Sandy Railroad Company nor its trustee, Wallace, both of whom were residents of the State of Kentucky, were

either necessary or proper parties to the action, and were only made parties for the purpose of preventing a removal of the case to the federal court. The court ordered the case removed to the federal court, and the plaintiff appeals.

The only authority which the Maysville & Big Sandy Railroad Company had to acquire or operate a ferry to which we have been referred is in these words: "That the said Maysville & Big Sandy Railroad Company shall have power and authority to acquire ferry franchises on the Big Sandy and Ohio rivers, or any of the tributaries of the Ohio river, on the line of their road, in whole or in part, to facilitate the transit of passengers and freight, and to use and enjoy the same in the same manner and under the same restrictions, provisions and privileges, applying to individual holders of ferry franchises under the laws of this State." See Sess., Acts 1853-54, vol. 1, p. 358, c. 178. It will be observed that by this provision of its charter the Maysville & Big Sandy Railroad Company was simply given the same rights and privileges as apply to individual holders of ferry franchises under the laws of the State; in other words, it was placed simply in the same position as an individual, so far as ferry rights were concerned, and might under the general law, obtain a grant of a ferry franchise and operate just as an individual might. It possessed no greater rights than an individual would if granted a ferry privilege under the general law. By section 1808, Ky. St., 1903, when a sale is made of a ferry franchise, or a lease, it must be with the leave of the county court, and the lessee must execute a covenant with sufficient surety in lieu of the former covenant. A nonresident owner of the ferry right shall sell the same to a resident citizen of this State within the year after accrual of his rights, and upon the failure to comply the court shall revoke the grant after summons is

served upon the party affected.  Under this statute the Chesapeake & Ohio Railroad Company, which is a Virginia corporation, and a nonresident of the State, can not lease or operate a ferry in this State, and if it operates the ferry in question it must do so by virtue of the power given the Maysville & Big Sandy Railroad Company in the charter provision above quoted.  The lease by the Chesapeake & Ohio Railroad Company of the ferry not being warranted, by law, the Maysville & Big Sandy Railroad Company remained liable just as though that lease had not been made.  The liability of the grantee of the ferry can not be affected by any arrangement made between him and another in violation of the statute.  There is no statute authorizing the Chesapeake & Ohio Railroad Company to own or operate a ferry in this State.

It is not averred that the lease was made with the leave of the county court, and from the allegation that all three of the defendants are operating the ferry the presumption would be that the Chesapeake & Ohio Railroad Company is operating under the authority granted the Maysville & Big Sandy Railroad Company.  In McCabe's Adm'r v. Maysville & Big Sandy Railroad Company, 112 Ky., 861, 23 R., 2328, 66 S. W., 1054, it was held that the only authority of the Maysville & Big Sandy Railroad Company to lease its road was that derived from the act of February 17, 1866 (Acts 1865-66, p. 664, c. 755), authorizing it to "make contracts with individuals, corporations and other railroad companies for the building, completion and operating of said road or any part thereof," and it was held that thereby no exemption was granted from any liability which attached to the company.  The court said: "In the case before us there is only a grant to the lessor of power to contract for the operating of the road.  The company enjoys all its franchises

in the fruits of the contract. There is nothing in the provision to show that the Legislature had in mind authorizing the company to divest itself of its franchises, or permitting it, while enjoying them or their fruits, to be acquit of responsibility for their abuse, without regard to the financial ability of the lessee or his amenability to suit." To this construction of the statute we adhere.

Judgment reversed, and cause remanded for further proceedings consistent herewith.

Petition for rehearing by appellee overruled.